David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____

|  |  |
|---|---|
| United States of America ex rel. ) | |
| GNGH2 Inc., ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | |
| - against - ) | Index No.: |
| ) | |
| SBNH ACQUISITION LLC; ) | |
| ) | |
| HUDSON POINTE ACQUISITION, LLC; ) | **Complaint** |
| ) | |
| HIGHLAND VIEW CARE CENTER ) | |
| OPERATING CO; ) | |
| ) | |
| TCPRNC LLC; ) | |
| ) | |
| ATLANTIC CARE ACQUISITION, LLC; ) | |
| ) | |
| AUBURNDALE OAKS CARE ) | |
| ACQUISITION, LLC; ) | |
| ) | |
| CLEARWATER CARE ACQUISITION, LLC; ) | |
| ) | |
| LAUREL POINT CARE ACQUISITION, LLC; ) | |
| ) | |
| WEST JACKSONVILLE CARE ) | |
| ACQUISITION, LLC; ) | |
| ) | |
| THE SANDS AT SOUTH BEACH ) | |
| FACILITY INC; ) | |
| ) | |
| CITADEL AT HOME LLC ) | |
| ) | |
| CITADEL HOME CARE LLC ) | |
| ) | |
| CITADEL CONSULTING GROUP, LLC; ) | |
| ) | |

|  |  |
|---|---|
| ADVANCED CARE STAFFING LLC; and | ) |
|  | ) |
| PRIORITY CARE STAFFING LLC | ) |
|  | ) |
| Defendants. | ) |
| _____) |  |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, the Defendants in this matter are all under common control and ownership. Taken as a whole, the Defendants are far too large to qualify for disaster relief.

**II.     Parties**

2.      Defendants SBNH ACQUISITION LLC; HUDSON POINTE ACQUISITION, LLC; HIGHLAND VIEW CARE CENTER OPERATING CO; and TCPRNC LLC (collectively, the "Bronx Nursing Homes") are all New York Limited Liability Companies which operate the following nursing homes in the Bronx, respectively:  Bronx Gardens Rehabilitation and Nursing Center; Hudson Pointe at Riverdale Center for Nursing and Rehabilitation; The Citadel Rehabilitation and Nursing Center at Kingsbridge; and the Plaza Rehabilitation and Nursing Center.

3.      Defendants ATLANTIC CARE ACQUISITION, LLC; AUBURNDALE OAKS CARE ACQUISITION, LLC; CLEARWATER CARE ACQUISITION, LLC; LAUREL POINT CARE ACQUISITION, LLC; WEST JACKSONVILLE CARE ACQUISITION, LLC; and

THE SANDS AT SOUTH BEACH FACILITY INC (collectively the "Florida Nursing Homes") are all Florida Limited Liability Companies except for THE SANDS AT SOUTH BEACH FACILITY INC which is a Florida business corporation.  The Florida Nursing Homes respectively operate the following nursing homes in Florida:  Sea Breeze Rehabilitation and Nursing Center; Oak Haven Rehabilitation and Nursing Center; Kensington Gardens Rehabilitation and Nursing Center; Sandgate Gardens Rehabilitation and Nursing Center; Fouraker Hills Rehabilitation and Nursing Center; and The Sands at South Beach Care Center.

4.      The Bronx Nursing Homes and the Florida Nursing homes are owned and controlled by an entity known as the Citadel Care Centers ("Citadel Care Centers") which is owned and controlled by an individual named Leopold Friedman.

5.      Defendant CITADEL AT HOME LLC is a New Jersey limited liability company with a principal place of business in the State of New Jersey, County of Essex.  CITADEL AT HOME LLC is controlled by Citadel Care Centers.

6.      Defendant CITADEL HOME CARE LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania, County of Montgomery. CITADEL HOME CARE LLC is controlled by Citadel Care Centers.

7.      Defendant CITADEL CONSULTING GROUP LLC is a New York limited liability company with a principal place of business in the State of New York, County of Kings. CITADEL CONSULTING GROUP LLC is owned and controlled by Citadel Care Centers and/or Leopold Friedman.

8.      Defendants ADVANCED CARE STAFFING LLC and PRIORITY CARE STAFFING LLC (the "Staffing Defendants") are New York limited liability companies with principal places

of business in the State of New York, Counties of Kings and New York respectively. The Staffing Defendants are controlled by Leopold Friedman.

9. The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

**III  Compliance With Requirements of Suit**

10. This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the Southern District of New York.

11. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.  Jurisdiction and Venue**

12. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the Bronx Nursing Home Defendants are all located in the Southern District.

**V.  Relationship Among the Defendants**

13. The Bronx Nursing Home Defendants; The Florida Nursing Home Defendants; Defendants CITADEL AT HOME LLC and CITADEL HOME CARE LLC (the "Home Care Defendants") are all controlled by Citadel Care Centers.

14. Citadel Care Centers is owned and controlled by Leopold Friedman. Additionally, Leopold Friedman owns and controls Defendants CITADEL CONSULTING GROUP LLC; ADAVANCED CARE STAFFING LLC; and PRIORITY CARE STAFFING LLC.

## VI. Background

15. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

16. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

17. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

18. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

19. Each of the Defendants herein applied for and received such funding as follows:

| Party: | Amount | Date |
|---|---|---|
| SBNH ACQUISITION LLC | $3,140,467 | 8/5/2020 |
| HUDSON POINTE ACQUISITION, LLC | $1,866,877 | 8/5/2020 |
| HIGHLAND VIEW CARE CENTER OPERATING CO | $3,555,774 | 8/5/2020 |
| TCPRNC LLC | $9,164,727 | 8/6/2020 |
| AUBURNDALE OAKS CARE ACQUISITION, LLC | $989,187 | 8/5/2020 |
| CLEARWATER CARE ACQUISITION, LLC | $1,266,419 | 8/5/2020 |
| LAUREL POINT CARE ACQUISITION, LLC | $1,118,577 | 8/5/2020 |
| WEST JACKSONVILLE CARE ACQUISITION, LLC | $1,058,317 | 8/5/2020 |

| | | |
|---|---|---|
| THE SANDS AT SOUTH BEACH FACILITY INC | $1,698,742 | 8/5/2020 |
| ADVANCED CARE STAFFING LLC | $6,248,097 | 6/12/2020 |
| ATLANTIC CARE ACQUISITION, LLC | $1,052,089 | 8/5/2020 |
| CITADEL AT HOME LLC | $358,872 | 4/15/2020 |
| CITADEL HOME CARE LLC | $164,447 | 4/15/2020 |
| CITADEL CONSULTING GROUP, LLC | $1,183,242 | 8/4/2020 |
| PRIORITY CARE STAFFING LLC | $2,460,870 | 4/29/2020 |
| Total: | $35,326,704 | |

20.     With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

21.     Looking at the concern as a whole, the Defendants and related entities had far more than the maximum assets, payroll size, and revenue for qualification.  Indeed, the total amount of the loans received far exceeded the $10 million cap.

22.     Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A,Title I of the Coronavirus Aid, Relief, and Economic SecurityAct (CARES Act) (the Paycheck Protection Program Rule).

23      These statements would have been made shortly before the dates set forth above.  As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

### VII.     (Count I)  Violation of the False Claims Act

24.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

25.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

26.     Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

### VIII.   Relief Sought

27.     On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

28.      The Defendants received $16,213,511 in disaster relief as a result of the certifications set forth above.

**[continued on next page]**

29. Accordingly, Relator seeks judgment in the amount of $105,980,112against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ David Abrams*

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       January 31, 2021